**James BROWN, Plaintiff–Appellant,**

**v.**

**SPRINT L.T.D., Defendant–Appellee.**

No. 01–3829.

United States Court of Appeals,
Sixth Circuit.

April 1, 2002.

Before SILER and GILMAN, Circuit Judges; and HEYBURN, District Judge.*

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

### ORDER

James Brown, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this case brought under Title VII of the 1964 Civil Rights Act (Title VII), 42 U.S.C. § 2000e–16, et seq., and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Brown sued Sprint, L.T.D. (Sprint) in October 1998. Brown, an African–American, alleged that Sprint discriminated against him on the basis of his race and national origin and violated state law when the company terminated him from his position as a customer representative. Sprint moved for judgment on the pleadings or summary judgment, arguing that Brown had no state law claims and that his Title VII claim was untimely. The district court dismissed Brown's state law claims but held that the doctrine of equitable tolling made Brown's Title VII claim timely. After a period of discovery, Sprint moved for summary judgment. Brown filed a response. The magistrate judge recommended granting Sprint's motion. The magistrate judge found that Brown had not established a prima facie case of discrimination and that, even if he had, Sprint had a legitimate non-discriminatory reason for terminating him. The district court accepted the magistrate judge's report and recommendation over Brown's objections, granted Sprint's motion, and dismissed the case.

In his timely appeal, Brown argues that: (1) he established a prima facie case of discrimination; and (2) Sprint did not have enough facts to justify discharging Brown.

Sprint argues that the district court should have found Brown's complaint untimely.

Initially, we note that Brown does not argue that the district court erred by dismissing his state law claims or by construing his national origin discrimination claim as one of race discrimination. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Thus, Brown has waived all but his Title VII race discrimination claim.

Upon de novo review, we conclude that the district court properly granted summary judgment to Sprint. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Brown began working for Sprint in June 1992 as a customer representative. In May 1993, Sprint disciplined Brown because he mis-handled a co-worker's Sprint account. The co-worker, Laureen Welch, was behind on her account, and Brown made entries that benefitted her. Brown acknowledged this incident in his deposition. In early 1997, Brown's supervisor reviewed Welch's account and determined that Brown had made twelve more inappropriate entries in Welch's favor. Sprint fired Brown on March 28, 1997. Brown filed a discrimination charge with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission (EEOC). The agencies found no discrimination, and the EEOC issued Brown a right to sue letter.

■ We agree with the district court that Brown failed to establish a prima facie case of race discrimination. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). The parties do not dispute that Brown met the first and second elements of a prima facie case because he is a member of a protected class who was discharged. *See id.* However, Brown's at-

tempt to point to a similarly situated non-minority is unpersuasive. There was evidence that Sprint disciplined but did not terminate a non-African-American employee, Chris Ruiz, when Ruiz altered his own account. Ruiz, however, had a different supervisor, engaged in different misconduct, and engaged in it only once. Thus, Brown's situation was not "nearly identical" to that of Ruiz. *See Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir.1994).

■ The district court also concluded that Brown was not qualified for his position because of the conduct leading to his termination. This court has criticized this approach as conflating an element of the plaintiff's prima facie case with the requirement that the employer come forward with a non-discriminatory reason for discharging the employee. "[W]hen assessing whether a plaintiff has met [his] employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating plaintiff." *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660–61 (6th Cir.2000). The distinction is not important in this case, however. We agree with the district court that, even if Brown established a prima facie case, Sprint put forward a legitimate, non-discriminatory reason for Brown's termination.

■ Finally, Brown failed to present any evidence that Sprint's reason for terminating him was a mere pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Brown argues that Sprint did not have enough facts to justify his discharge. However, he failed to produce evidence which directly challenges the credibility of Sprint's explanation. *See Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084–85 (6th Cir.1994). Accordingly, he failed to meet his ultimate burden of presenting evidence on which a jury could reasonably find that the defendants discriminated against him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Burdine*, 450 U.S. at 254–55; *McDonnell Douglas Corp.*, 411 U.S. at 804.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.